UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CONLAN,<br><br>       Petitioner,<br><br>  v.<br><br>QUAY,<br><br>       Respondent. | No. 2:17-cv-1466-EFB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner currently serving his sentence at the Federal Correctional Institution in Herlong, California. ECF No. 1. He was convicted in the Western District of Texas and filed the instant 28 U.S.C. § 2241 petition while incarcerated in the Eastern District of New York, while awaiting transport to California. ECF No. 3. That court transferred the case here, as the court encompassing petitioner's place of incarceration. *Id.* Petitioner challenges that determination with a motion to transfer the case back to the Eastern District of New York. ECF No. 7. Petitioner has also filed a motion to proceed in forma pauperis. ECF No. 9. As discussed below, it is recommended that the petition be dismissed for lack of jurisdiction.

**I.    Screening Requirements and Standards**

District courts may apply the Rules Governing Section 2254 Cases in the United States District Courts to habeas corpus petitions brought under a different statute. Rule 1(b), Rules Governing § 2254 Cases in the District Courts (hereinafter "Habeas Rules"). Under Habeas Rule

4, the district court must review the petition and dismiss it if it plainly appears from the petition that the petitioner is not entitled to relief in the district court. The court has performed this review and, for the reasons that follow, concludes that petitioner is not entitled to relief in this court.

**II.     Background**

A jury in the Western District of Texas found petitioner guilty of violating 18 U.S.C. § 2261A by stalking JMP and her husband, JP. *United States v. Conlan*, 786 F.3d 380, 383 (5th Cir. 2015); *United States v. Conlan*, W.D. Tex. Case No. 1:11-cr-00451-LY (hereinafter "*Conlan I*"), ECF No. 170. The Fifth Circuit Court of Appeals affirmed the conviction and sentence. *Conlan*, 786 F.3d 380 (5th Cir. 2015). The appellate court provided this recitation of the underlying facts of the case:

> Conlan and JMP dated as teenagers but had no further contact until JMP appeared on national news networks several years later. Conlan sent her a flirtatious Facebook message; she responded politely but made it plain that she was not interested in him romantically. He then sent a large bouquet of flowers to her workplace with a note reading, "The next time our paths cross, I will not know hesitation." Worried about her safety, JMP sought help from local police and, at an officer's suggestion, sent Conlan an email explaining that she did not want any communication from him.
>
> Conlan then began an escalating, year-long campaign of email, text-message, social-media, telephonic, and face-to-face contact with JMP, her family, work colleagues, and church members. Many of the messages were hateful, threatening, and graphically sexual. JMP repeatedly asked Conlan's brothers to intervene. That effort was unsuccessful, and Conlan accused JMP and JP of violating his privacy, "not something [he would] take lightly," and if she did not "straighten out this s--t in person," he would "be forced to return the favor." He told her that "things would get worse" and asked her to "send [him] a pretty picture once a week, that would keep [him] under control . . . ." He sent a package to her workplace containing a cellphone that had lip marks on the screen. He also sent her a single-line email reciting her home address and repeatedly told her to kill herself.
>
> The messages did not stop after Detective Michael King told Conlan that his communications were unwelcome and that he would be arrested if he came to Austin, Texas, where JMP and JP resided. Instead, Conlan sent JMP a message that read, "You know what? I can come to you. Can Austin's finest brave that?"
>
> Conlan also sent messages to JP, a professional musician. He commented, on a blog post about JMP's work, that he could not "wait for chicken head hunting in Texas" and that he was "[g]oing to be in every little bitch music shop every weekend every night until I find the right chicken head." He sent JP a Facebook message asking, "Are you scared, princess?" and messages to JMP stating, "I was thinking about beating the s--t out of princess" and, "Doesn't princess want a face-to-face confrontation?" Conlan disparaged JMP in emails to the leadership of her church and went to her parents' house asking to see her.

> Shortly thereafter, Conlan drove from Missouri to JMP and JP's house. As JP was driving from their residence, he saw a white vehicle with Missouri plates moving slowly and recognized Conlan as the driver. Conlan went around the block and passed JP a second time. Fearing that that he would be attacked, JP called the police and went to a police substation. Conlan was arrested at a nearby motel pursuant to a warrant; in his motel room, police found cellphones that had been used to call JMP's workplace and obtain directions to her house, and a laptop that contained Internet searches for her name. A loaded handgun and riot stick were found in Conlan's vehicle.

*Id.* at 384.

While his direct appeal was pending, petitioner filed his first motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Conlan I*, ECF No. 220. He argued in that motion that the complaint against him was technically defective for a number of reasons. *Id.* The district court dismissed the motion without prejudice because it could not be brought while the appeal was pending. *Id.*, ECF Nos. 223, 227. Once the appellate court affirmed his conviction, petitioner filed a "motion for relief from judgment," which the district court construed as a motion under § 2255. *Id.*, ECF Nos. 248-250. He subsequently filed many motions to add additional claims to his § 2255 motion. *Id.*, ECF Nos. 262, 264, 267, 272. The court granted the first request for amendment. *Id.*, ECF Nos. 262, 263. As amended, the § 2255 motion raised these claims:

(1) That trial counsel was ineffective for failing to argue or litigate a suppression issue;

(2) That trial counsel was ineffective for failing to raise a speedy trial issue; and

(3) That trial counsel was ineffective for failing to impeach a witness (the victim of petitioner's stalking) with an affidavit which, according to petitioner, shows that the victim stated she was in a dating relationship with petitioner, which contradicted her trial testimony.

*Id.*, ECF No. 262.

On December 7, 2015, U.S. Magistrate Judge Andrew Austin recommended that petitioner's § 2255 motion and his subsequent motions to add additional claims thereto be denied. *Id.*, ECF No. 273. The district judge adopted this recommendation on August 26, 2016 in an order that also denied another attempt by petitioner to add more claims to his § 2255. *Id.*, ECF No. 273.

3

Petitioner then filed a motion for a new trial based on newly discovered evidence. *Id.*, ECF No. 306. In this motion, petitioner again claimed that an affidavit showed that his victim had contradicted her trial testimony about the nature of their relationship. The district court denied the motion as frivolous:

> The victim's affidavit did not reflect she was in a dating relationship with the defendant at the time she executed her affidavit or at the time the defendant committed his crime. Rather, the reference to "dating" on the affidavit merely reflected how the defendant knew the victim. This affidavit would have had absolutely no effect on the jury's verdict.

*Id.*, ECF No. 307. Petitioner appealed this decision, and the Fifth Circuit dismissed the appeal as frivolous, finding that petitioner had not shown that the evidence could not have been discovered earlier through due diligence and that petitioner's "contention that the evidence would produce an acquittal is thoroughly refuted by the entire body of trial evidence and is thus so devoid of arguable merit as to be frivolous." *Id.*, ECF No. 360.

**III. Analysis**

    **a. <u>Governing Law</u>**

In this action, petitioner brings three claims:

(1) That the conduct alleged in count three of his indictment does not satisfy the statute, which requires at least two acts, because it identifies only one act for which J.P. was the victim;

(2) That the conduct alleged in count two of the indictment is not criminal due to newly discovered evidence (the affidavit discussed in the previous section);

(3) That count one of the indictment is invalid due to new evidence showing that, despite claiming substantial emotional distress at trial, new evidence shows that victim J.M.P. suffered no distress due to petitioner's conduct.

As discussed below, these claims may not be brought in this court under 28 U.S.C. § 2241 but must instead be brought in the sentencing court under § 2255.

With one narrow exception, the exclusive vehicle by which a federal prisoner may challenge the validity of his conviction or sentence is by filing a motion under § 2255 in the sentencing court. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Tripati v. Henman*, 843

F.2d 1160, 1162-63 (9th Cir. 1988). Section 2241, on the other hand, provides a vehicle for challenging the manner, location, or condition of the sentence's execution, and generally may not be used to contest the validity of the conviction or sentence. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). The narrow exception to this rule, known as the "savings clause," allows a federal prisoner to seek relief under § 2241 to challenge his conviction or sentence if he shows that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Section 2255 prohibits federal prisoners from filing a second or successive § 2255 motion unless a panel of the appropriate court of appeals has certified that the successive motion is based on either (1) newly discovered evidence that would undermine the conviction so much that "no reasonable factfinder would have found the movant guilty of the offense" or (2) a new rule of constitutional law that the U.S. Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. § 2255(h). Section 2241 may not be used to circumvent this procedural bar; relief under § 2255 is not "inadequate or ineffective" simply because the motion is successive and the sentencing court will therefore not review it. *Alaimalo*, 645 F.3d at 1047; *Ivy*, 328 F.3d at 1059. Rather, to challenge a conviction or sentence under § 2241 instead of § 2255, a petitioner must show that he (1) raises a claim of actual innocence and (2) has not had an unobstructed procedural shot at presenting that claim. *Alaimalo*, 645 F.3d at 1047.

Petitioner here challenges his conviction rather than the execution of his sentence, and these claims are therefore appropriately brought under 28 U.S.C. § 2255 in the sentencing court rather than the instant § 2241 petition, unless the case qualifies for the savings clause.

### b. Petitioner Does Not Qualify for the Savings Clause

The court must determine whether petitioner presents a claim of actual innocence and has not had an unobstructed procedural shot at presenting the claim. To establish actual innocence in a habeas case, a petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Alaimalo*, 645 F.3d at 1047. "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Id.*

5

Petitioner was convicted of three counts of violating 18 U.S.C. § 2261A, which provides:

Whoever--

    (1) travels in interstate or foreign commerce or is present within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel or presence engages in conduct that--

        (A) places that person in reasonable fear of the death of, or serious bodily injury to--

            (i) that person;

            (ii) an immediate family member (as defined in section 115 [18 USCS § 115]) of that person; or

            (iii) a spouse or intimate partner of that person; or

        (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A); or

    (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that--

        (A) places that person in reasonable fear of the death of or serious bodily injury to a person described in clause (i), (ii), or (iii) of paragraph (1)(A); or

        (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A),

shall be punished as provided in section 2261(b) of this title [18 USCS § 2261(b)].

Petitioner first claims he was convicted for conduct that was not criminal under § 2261A in regards to count three of his indictment, because "[a]n offense under 2261A requires 2 or more acts. In count three, JP is the alleged victim, yet they show 1 single contact to JP and list 8 other acts to JMP, a completely different person." ECF No. 1. This claim of legal innocence is so devoid of merit as to be frivolous. The indictment alleged many

/////

examples of petitioner's conduct toward JMP that was "aimed at JP." *Conlan 1*, ECF No. 13 at 11-12.

Next, petitioner claims that, with regard to count two, he was convicted for conduct that is not criminal "due to newly discovered evidence." ECF No. 1 at 7. Again, this claim is so devoid of merit as to be frivolous. The claim is premised on petitioner's repeatedly-raised and repeatedly-rejected argument that an affidavit sworn to by victim JMP at the time of petitioner's arrest attested that she was in a "dating" relationship with petitioner at that time. *Id.* This is not new evidence. Petitioner has already presented it, many times, in the Texas federal courts. Nor would the evidence, even if it were new, negate the intent element of § 2261A as petitioner contends.

Lastly, petitioner claims that his conviction on count one of the indictment is invalid due to "new evidence" that shows that victim JMP did not suffer emotional distress from his conduct, contrary to her trial testimony. ECF No. 1 at 7. Petitioner does not describe what this alleged new evidence consists of or when he obtained it. Petitioner bears the burden of showing that he qualifies for the escape hatch (*Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963), and because he does not explain how his new evidence shows that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him on count one, he has not discharged his burden of making a viable claim of actual innocence. Petitioner may not use § 2241 simply because he claims to have some "new evidence" – § 2255 provides the procedure by which a defendant may challenge his conviction based on newly-discovered evidence. 28 U.S.C. § 2255(h)(1).

Nor has petitioner met his burden to show the second element necessary to qualify for the savings clause – he has not shown that he did not have an unobstructed procedural shot at presenting the three claims contained in the instant petition. To determine whether a petitioner had an unobstructed procedural shot, the Ninth Circuit evaluates (1) whether the legal basis for the claim did not arise until after the petitioner exhausted his direct appeal and first § 2255 motion and (2) whether the law changed in any way relevant to the claim after the first § 2255 motion.

7

*Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008). In his petition, petitioner writes that a motion under § 2255 is inadequate or ineffective to challenge his conviction because, "In the 5th Cir., actual innocence claims are barred when they could have been brought on appeal. 2255 is not accessible under actual innocence." ECF No. 1 at 5. That is not the law in the Fifth Circuit or any other federal court. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). In *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998), that court correctly stated federal law as follows: "[W]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only of the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted."[1] Thus, the Fifth Circuit expressly allows claims of actual innocence to proceed via § 2255 even if they were not raised on appeal. Petitioner has not shown that he could not have brought the instant claims in his original § 2255 petition, and therefore has not met his burden of showing that he did not have an unobstructed procedural shot at presenting the instant claims via a § 2255 motion in the sentencing court.

Because petitioner has not shown that a motion under § 2255 is inadequate or ineffective to present his claims, this court lacks jurisdiction to consider this petition under 28 U.S.C. § 2241. Those claims must be brought in the sentencing court under the procedures provided by 28 U.S.C. § 2255.

**IV. Order and Recommendation**

Accordingly, it is hereby ORDERED that the Clerk randomly assign a United States District Judge to this case. Further, it is hereby RECOMMENDED that the case be dismissed for lack of jurisdiction and the pending motions (ECF Nos. 7 and 9) be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[1] The court notes that § 2255 is not rendered inadequate or ineffective by the sentencing court's application of the common procedural bar regarding claims that could have been, but were not, raised on appeal. *Sorrel v. McGrew*, Case No. CV 13-7609 JLS (RZ), 2015 U.S. Dist. LEXIS 70658, at *10 (C.D. Cal. Mar. 5, 2015) (quoting *Sorrell v. Bledsoe*, 437 F. App'x 94, 96 n.4 (3d Cir. 2011)).

8

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 13, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE