UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CONLAN, | No. 2:17-cv-01466-KJM-EFB |
| Petitioner, | |
| v. | ORDER |
| QUAY, | |
| Respondent. | |

Petitioner, proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1 (June 9, 2017). On March 14, 2018, the magistrate judge recommended dismissing the matter for lack of jurisdiction, explaining petitioner's challenge to his conviction should have been brought as a 28 U.S.C. § 2255 petition in the Texas sentencing court rather than as a § 2241 petition in this court. *See* Findings and Recommendations ("F&R"), ECF No. 10, at 8 ("Because petitioner has not shown that a motion under § 2255 is inadequate or ineffective to present his claims, this court lacks jurisdiction to consider this petition under 28 U.S.C. § 2241."). On March 30, 2018, this court adopted the findings and recommendations and dismissed the petition for lack of jurisdiction. Dismissal Order, ECF No. 13, at 1-2.

/////

/////

Petitioner now moves to reconsider that dismissal order under Federal Rule of Civil Procedure 59(e).  Mot., ECF No. 16 (April 30, 2018).  Because petitioner filed his motion on April 30, 2018, more than 28 days after the order he asks the court to consider, it is properly construed as a Rule 60(b) motion.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (explaining motions to reconsider filed after timeline under Rule 59(e) are automatically construed as Rule 60(b) motions).  Rule 60(b) permits a court to relieve a party from a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, voidness, satisfaction, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  Whether to grant Rule 60(b) relief is a matter of discretion.  *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009).

Here, petitioner argues reconsideration is warranted because the dismissal was decided before the court could consider newly discovered evidence.  Mot. at 4-6.  Specifically, he argues that just eight days before the dismissal order issued, he had filed a motion to amend his petition to add new evidence that would "undermine[] all proof of guilt" and trigger the "escape hatch" exception, which in turn would give this court jurisdiction over his habeas petition.  *Id*; *see also* Mot. to Amend, ECF No. 12 (Mar. 22, 2018); Dismissal Order at 2 n.2 (denying motion to amend "[b]ecause the court lacks jurisdiction over this action for the reasons stated in the findings and recommendations").

Plaintiff has not met his burden to justify reconsideration.  "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation and quotations omitted) (listing cases).   Moreover, petitioner has neither described the alleged new evidence nor explained when he obtained it.  *See generally* Mot.  He also has not explained how his new evidence shows, by a preponderance of the evidence, that no reasonable juror would have convicted him, as is necessary to trigger the Rule 60(b) escape hatch.  *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).  The court does not obtain jurisdiction over a § 2241 application merely because petitioner argues, without detail, that there is "new evidence"

undermining his guilt. *See* Mot. at 4. It appears, as the magistrate judge suggests, that the proper basis for this argument would be a § 2255(h)(1) petition in the sentencing court. *See* F&R at 7 (explaining § 2255(h) is the proper procedure to challenge convictions based on new evidence).

Because petitioner has cited no valid basis to reconsider this court's dismissal for lack of jurisdiction, his motion for reconsideration is DENIED.

IT IS SO ORDERED.

This resolves ECF No. 16.

DATED: August 3, 2018.

UNITED STATES DISTRICT JUDGE